UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUISE TRAUMA CENTER LLC
1234 Mass Ave NW
Washington DC 20005

Plaintiff

v.                                                    Civil Action No. 23--cv-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
5900 Capital Gateway Drive
Mail Stop 220
Camp Springs MD 20588-0009

Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is a Freedom of Information Act [FOIA] case. Defendant has failed to respond to several FOIA requests from Plaintiff.

## JURISDICTION

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

## VENUE

3. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1391, because Defendant is located here.

1

## PARTIES

4. Plaintiff Louise Trauma Center, LLC, is a nonprofit organization dedicated to raising awareness about immigrant women who have suffered from gender-based violence such as female genital mutilation (FGM), rape, domestic violence, and forced marriage. It helps these women seek asylum. It publicizes and educates. It sets forth new asylum cases, briefs, reports, and analysis on the law surrounding these women and their issues. It has made FOIA requests in the past, and will continue to make FOIA requests in the future.

5. Defendant is an agency within the meaning of 5 U.S.C. § 552(e) and 701(b) (1), and is in possession and/or control of the records requested by Plaintiff.

## FIRST CAUSE OF ACTION

6. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

7. On January 5, 2021, over twenty-nine months ago, Defendant received this FOIA request from Plaintiff:

> "records relating to distance training given to newly-hired asylum officers from January 1, 2020 to the present."

8. Plaintiff requested a fee waiver under 5 USC § 552(a)(4)(A)(iii) because disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester.

9. Via a letter dated January 12, 2021, Defendant assigned "COW 2021 000 077" to that request.

10. Via that same letter, Defendant granted Plaintiff's request for a fee waiver.

2

11. Since receiving the request, the defendant has done nothing.

12. Defendant has failed to make a determination about plaintiff's request. It failed to produce any records within the statutorily mandated time frame. It is still in violation of 5 U.S.C. § 552(a)(6)(A)(i).

13. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

14. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Its wrongful withholding of the records violates the FOIA, § 552(a) (3) (A).

15. Plaintiff has exhausted all the necessary administrative remedies.

## **SECOND CAUSE OF ACTION**

16. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

17. On January 15, 2021, over twenty-nine months ago, Defendant received this FOIA request from Plaintiff:

"all emails, and their attachments, sent from Asylum Headquarters to the Arlington Asylum Office from July 1, 2020 to the present.

18. Plaintiff requested a fee waiver under 5 USC § 552(a)(4)(A)(iii) because disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester.

19. Via a letter dated January 22, 2021, Defendant assigned "COW 2021 000 209" to that request.

20. Via that same letter, Defendant granted Plaintiff's request for a fee waiver.

21. Since receiving the request, the defendant has done nothing.

22. Defendant has failed to make a determination about plaintiff's request. It failed to produce any records within the statutorily mandated time frame. It is still in violation of 5 U.S.C. § 552(a)(6)(A)(i).

23. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

24. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Its wrongful withholding of the records violates the FOIA, § 552(a) (3) (A).

25. Plaintiff has exhausted all the necessary administrative remedies.

## THIRD CAUSE OF ACTION

26. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

27. On January 15, 2021, over twenty-nine months ago, Defendant received this FOIA request from Plaintiff:

records "relating to USCIS FOIA case evaluation forms and other documents that track and evaluate the performance of FOIA employees from July 1, 2020 to the present."

28. Plaintiff requested a fee waiver under 5 USC § 552(a)(4)(A)(iii) because disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester.

29. Via a letter dated January 22, 2021, Defendant assigned "COW 2021 000 211" to that request.

30. Via that same letter, Defendant granted Plaintiff's request for a fee waiver.

31. Since receiving the request, the defendant has done nothing.

32. Defendant has failed to make a determination about plaintiff's request. It failed to produce any records within the statutorily mandated time frame. It is still in violation of 5 U.S.C. § 552(a)(6)(A)(i).

33.  Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

34. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Its wrongful withholding of the records violates the FOIA, § 552(a) (3) (A).

35. Plaintiff has exhausted all the necessary administrative remedies.

## FOURTH CAUSE OF ACTION

36. Plaintiff  repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

37. On January 5, 2021, over twenty-nine months ago,  Defendant received this FOIA request from Plaintiff:

records relating to training given to Asylum Officers at the Chicago Asylum Office from November 1, 2020 to the present.

38. Plaintiff requested a fee waiver  under 5 USC § 552(a)(4)(A)(iii) because disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester.

39. Via a letter dated January 13, 2021, Defendant assigned  "COW 2021 000 082" to that request.

40. Since receiving the request, the defendant has done nothing.

41.  Defendant performed no search from January 2021 to the present.

42. Defendant has failed to make a determination about plaintiff's request. It failed to produce any records within the statutorily mandated time frame. It is still in violation of 5 U.S.C. § 552(a)(6)(A)(i).

43. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

44. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Its wrongful withholding of the records violates the FOIA, § 552(a) (3) (A).

45. Plaintiff has exhausted all the necessary administrative remedies.

## PRAYER FOR RELIEF

46. WHEREFORE, plaintiff prays that judgment be entered in its favor against defendant; and that the Court:

47. Order defendant to promptly disclose all of the requested records;

48. Declare that defendant's inaction and actions violate the FOIA;

49. Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E); and

50. Grant all other such relief to the plaintiff as the Court deems proper and equitable.

Respectfully submitted,

/s/ *David L. Cleveland*
David L. Cleveland
Maryland Bar # 13559
Attorney for Plaintiff
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   <1949.david@gmail.com>